```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

UNITED STATES OF AMERICA

v.                                                    3:06-cr-309-J-32HTS

REGINALD L. ANDERSON
_____

**O R D E R**

This cause is before the Court on the following:

1.   Defendant's Motion for Leave to File Out of Time Motion to Suppress Defendant's Statements and Motion to Strike Surplusage (Doc. #22), filed on December 4, 2006, which is **GRANTED.**

2.   The Motion to Strike Surplusage (Doc. #24; Motion to Strike), filed on December 4, 2006.  An additional, duplicate motion (Doc. #25), filed on the same day, is hereby **STRICKEN**.  The United States opposes the Motion to Strike.  Government's Response in Opposition to Motion to Strike (Doc. #26; Opposition), filed on December 5, 2006.

In the Motion to Strike, Defendant argues the Indictment (Doc. #1), filed on September 13, 2006, improperly "lists four prior felony convictions [whereas 18 U.S.C. §] 922(g)(1) requires only one prior conviction[.]"  Motion to Strike at 1.  Thus, Mr. Anderson contends, "the additional allegations are not relevant to the charge and are inflammatory and prejudicial."  *Id.* at 2.  He

suggests the listing of prior felonies is also unjustified in connection with his having been charged under 18 U.S.C. § 924(e), since that provision "is a sentencing enhancement rather than an element proved at trial."  *Id.*

While he attempts to demonstrate the government is not required to list so many prior convictions as it has, Defendant cites no authority for the proposition that such a list must be stricken.  Further, as Mr. Anderson concedes "one prior conviction" must be proven in relation to the charge brought pursuant to 18 U.S.C. § 922(g)(1), *id.* at 1, his own argument suggests the potential need for alleging more than one conviction should a dispute arise.[1]

Upon consideration, and in light of the representations of the parties, the Motion to Strike (Doc. #24) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida, this  6th  day of December, 2006.

/s/        Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
    and *pro se* parties, if any

---

[1]    In the event Defendant does not intend to dispute his status as a convicted felon, it appears the government is amenable to accepting a stipulation to that effect.  *See* Opposition at 1-2.

-2-