UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REGINALD ANDERSON,

        Petitioner,

vs.                                           Case No.:    3:15-cv-1142-J-32MCR
                                                                       3:06-cr-309-J-32MCR

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Reginald Anderson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, Motion to Vacate), Supporting Memorandum (Civ. Doc. 1-1, Memorandum), and Supplement (Civ. Doc. 6).[1] The United States has moved to dismiss the Motion to Vacate (Civ. Doc. 7, Motion to Dismiss), and Petitioner has responded (Civ. Doc. 8, Response). Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the petition. See Aron v. United States, 291 F.3d 708, 714–15 (11th Cir. 2002) (an evidentiary hearing on a § 2255 petition is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming that

---

[1] Citations to the record in the underlying criminal case, United States vs. Reginald Anderson, Case No. 3:06-cr-309-J-32MCR, will be denoted as "Crim. Doc. __." Citations to the record in the civil § 2255 case, Case No. 3:15-cv-1142-J-32MCR, will be denoted as "Civ. Doc. __."

1

the facts he alleges are true, he still would not be entitled to any relief). For the reasons set forth below, Petitioner's Motion to Vacate is due to be denied.

### I. Background

Petitioner was charged with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Crim. Doc. 1, Indictment). Petitioner pled guilty to the charge under a written plea agreement. (Crim. Doc. 36, Plea Agreement). As part of the Plea Agreement, Petitioner acknowledged that he had the prior convictions necessary to qualify for a 15-year mandatory minimum sentence under the Armed Career Criminal Act (ACCA)[2], consisting of: (1) a prior conviction for sale or delivery of cocaine, on or about November 16, 2001; (2) a prior conviction for possession of cocaine with intent to sell, on or about January 6, 2004; and (3) a prior conviction for sale or delivery of cocaine, on or about November 18, 2004. (Id. at 14-15, ¶¶ 2.a, 2.c, 2.d; see also Presentence Investigation Report at ¶¶ 12, 26, 30, 31; Crim. Doc. 56, Sentencing Transcript at 4-6).[3] The Court sentenced Petitioner to the mandatory minimum of 180 months in prison, followed by a five-year term of supervised release. (Crim. Doc. 51, Judgment).

Petitioner did not file a notice of appeal. Thus, his conviction and sentence became final on August 15, 2007, ten business days after the entry of

---

[2] Ordinarily, a conviction under 18 U.S.C. § 922(g) for possession of a firearm by a convicted felon carries a ten-year maximum prison sentence. However, if a defendant has three or more prior convictions for a "violent felony" or a "serious drug offense," the ACCA imposes a 15-year mandatory minimum. 18 U.S.C. § 924(e).

[3] Each of the prior convictions were under Florida law.

2

judgment. See Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (when a defendant does not file a notice of appeal, the conviction and sentence become final when the time for filing a notice of appeal expires).[4]

More than eight years later, Petitioner filed the instant Motion to Vacate. As a threshold matter, Petitioner argues that the Motion is timely under 28 U.S.C. §§ 2255(f)(3) and 2255(f)(4) because he filed it within one year of the Supreme Court's decisions in Mellouli v. Lynch, 135 S. Ct. 1980 (2015), McFadden v. United States, 135 S. Ct. 2298 (2015), and Johnson v. United States, 135 S. Ct. 2551 (2015). (Civ. Doc. 1-1 at 6-9). Petitioner claims that his prior drug convictions do not qualify as ACCA predicates in light of these decisions. Second, he argues that his base offense level under U.S.S.G. § 2K2.1(a)(2) is unconstitutional in light of Johnson and McFadden. Petitioner argues that his prior drug convictions do not qualify as "controlled substance offenses" under § 2K2.1 because § 893.13(1)(a), Florida Statutes, imposes no mens rea requirement with respect to the illicit nature of the controlled substance. (Civ. Doc. 1-1 at 10-11). Third, Petitioner argues that his ACCA sentence is unconstitutional because (a) Johnson held that the ACCA's residual clause is unconstitutionally vague, and (b) his prior drug convictions do not qualify as "serious drug offenses" under the ACCA because, again, § 893.13(1)(a), Fla. Stat. imposes no mens rea requirement with respect to the illicit nature of the drug. (Civ. Doc. 1-1 at 12-22).

---

4   Under the version of Fed. R. App. P. 4(b)(1)(A) then in effect, a defendant had ten business days from the entry of judgment to file a notice of appeal.

3

The United States responds that Petitioner's Motion to Vacate "is both untimely and without merit." (Civ. Doc. 7 at 1). The United States first contends that the Motion is untimely because Petitioner filed it eight years after his conviction and sentence became final. (See id. at 2). However, assuming that Mellouli, McFadden, and Johnson render the Motion to Vacate timely, the United States responds that "even if Anderson were sentenced today, he would still qualify as an armed career criminal under 18 U.S.C. § 924(e)." (Id. at 3). The United States responds that three of Petitioner's prior drug convictions remain "serious drug offenses" for purposes of the ACCA, and that Mellouli, McFadden, and Johnson have no impact on that conclusion.

The United States is correct. For the reasons below, Petitioner's classification as an armed career criminal is unaffected by Mellouli, McFadden, and Johnson, and his Motion to Vacate is due to be denied.

## II. Discussion

Under Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges on four specific grounds: (1) the imposed sentence was in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C §2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamental as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86

4

(1979). A claim that a petitioner was incorrectly sentenced under the ACCA is cognizable on collateral review. Spencer v. United States, 773 F.3d 1132, 1143 (11th Cir. 2014) (en banc).

The Court assumes, for the sake of argument, that Petitioner's Motion to Vacate is timely under 28 U.S.C. § 2255(f). Nevertheless, the Motion lacks merit because Petitioner was properly sentenced under the ACCA based on his prior convictions for three "serious drug offenses." And because Petitioner's sentence was based on the ACCA's mandatory minimum, not U.S.S.G. § 2K2.1, Petitioner's challenge to the base offense level is moot.

Under the ACCA, a felon in possession of a firearm who has at least three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another," is subject to a 15-year mandatory minimum. 18 U.S.C. § 924(e)(1).

The ACCA defines the term "serious drug offense" to mean:

**(i)** an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or

**(ii)** an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

Id., § 924(e)(2)(A) (emphasis added). As the statute makes clear, a drug offense need not be a crime under the federal Controlled Substances Act to qualify as a "serious drug offense." A drug offense under state law also qualifies if it meets three criteria:

5

(1) the crime involves manufacturing, distributing, or possessing with intent to manufacture or distribute, (2) the crime involves a controlled substance defined in 21 U.S.C. § 802, and (3) the crime <u>could</u> be punished by ten years or more in prison.

Here, Petitioner had three prior convictions under Florida law that met these criteria. As noted above, Petitioner had two separate convictions in Florida for the sale or delivery of cocaine, and a third conviction in Florida for possession of cocaine with intent to distribute. Each of these is an offense under § 893.13(1)(a), Fla. Stat., which provides that "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Where, as here, the offense involved cocaine – which is a controlled substance under § 893.03(2)(a)4, Fla. Stat. – the crime is punishable as a second-degree felony, meaning the maximum term of imprisonment is 15 years. § 775.082(3)(d), Fla. Stat. Thus, each of these three convictions met the criteria for a "serious drug offense" because (1) each involved distributing or possessing with intent to distribute[5], (2) each involved a controlled substance (cocaine) that is listed in 21 U.S.C. § 802, and (3) each offense was punishable by a term of imprisonment of 10 years or more. <u>See</u> 18 U.S.C. § 924(e)(2)(A). Indeed, the Eleventh Circuit has held, over and over again, that a conviction under § 893.13(1)(a), Fla. Stat., for selling, delivering, or possessing with intent to sell or deliver cocaine is both a "serious drug offense" under the ACCA as well as a "controlled substance offense" under the United States Sentencing Guidelines. <u>E.g.</u>, <u>United States</u>

---

[5] "[S]elling is a form of distributing." <u>United States v. Russell Johnson</u>, 570 F. App'x 852, 857 (11th Cir. 2014).

6

v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014); United States v. Lenzy Johnson, 663 F. App'x 738, 740 (11th Cir. 2016); United States v. Williams, 605 F. App'x 833, 835-37 (11th Cir. 2015); Russell Johnson, 570 F. App'x at 856-57. Thus, Petitioner had three prior convictions that clearly qualified as a "serious drug offense" under the ACCA, and as such, he was properly sentenced as an armed career criminal.

The Supreme Court's decisions in McFadden, Mellouli, and Johnson have no impact on this conclusion. Petitioner cites McFadden and Mellouli for the proposition that a conviction under § 893.13(1)(a), Fla. Stat., cannot qualify as a "serious drug offense" because Florida eliminated any mens rea requirement with respect to the illicit nature of the drug. In McFadden, the Supreme Court addressed the mens rea required for a conviction under 21 U.S.C. § 841(a)(1), when the substance at issue is an analogue to a federally controlled substance. 135 S.Ct. at 2302. The Supreme Court held that § 841(a)(1) required the government to prove the defendant knew he was dealing with a controlled substance, meaning he either knew the substance was controlled under the Controlled Substances Act or Analogue Act or knew the specific features of the substance that made it a controlled-substance analogue. Id. McFadden does not help Petitioner, however, "because it did not address the mens rea requirement for serious drug offenses under the ACCA or controlled-substance offenses under the career-offender guidelines." Jones v. United States, 650 F. App'x 974, 977 (11th Cir. 2016). Moreover, the Eleventh Circuit has expressly rejected the notion that a conviction under § 893.13(1)(a), Fla. Stat., does not qualify as a "serious drug offense" because of the lack of a mens rea requirement. Smith, 775 F.3d at 1267-

7

68. "No element of mens rea with respect to the illicit nature of the controlled substance is expressed or implied by either [18 U.S.C. § 924(e)(2)(A) or U.S.S.G. § 4B1.2(b)]." Id. at 1267. Thus, "[s]ection 893.13(1) of the Florida Statutes is both a 'serious drug offense,' 18 U.S.C. § 924(e)(2)(A), and a 'controlled substance offense,' U.S.S.G. § 4B1.2(b). Neither definition requires that a predicate state offense includes an element of mens rea with respect to the illicit nature of the controlled substance." Id. at 1268.

Mellouli is no more helpful. In Mellouli, a defendant argued that his Kansas conviction for drug paraphernalia was not a qualifying conviction under the deportation statute, 8 U.S.C. § 1227. 135 S.Ct. at 1985. The Supreme Court held that the defendant's prior conviction did not support deportation because no element of the defendant's Kansas conviction connected with one of the controlled substances defined in 21 U.S.C. § 802. Id. at 1991. Significantly, Mellouli did not involve the meaning or application of the ACCA's "serious drug offense" provision, but instead whether a state conviction involved one of the controlled substances defined in 21 U.S.C. § 802 for purposes of deportation. See id. at 1984. Thus, "[t]he Mellouli decision is not on point both because it involves a state statute very different from Florida's § 893.13(1)(a), and also because it involves the immigration statute, again very different from the ACCA." Lenzy Johnson, 663 F. App'x at 740. Mellouli did not abrogate Smith, which forecloses Petitioner's argument that any of his convictions under § 893.13(1)(a) are not for a "serious drug offense." Id. As the Eleventh Circuit recently affirmed, "Smith remains good law." United States v. Washington, 707 F. App'x 687, 691 (11th Cir.

8

2017) (citing United States v. Pridgeon, 853 F.3d 1192, 1198 (11th Cir. 2017), cert. denied, 138 S. Ct. 215 (2018)).

Finally, Johnson, 135 S. Ct. 2551, has no bearing either on Petitioner's sentence. The Supreme Court held in Johnson that the ACCA's residual clause, which is part of the definition of a "violent felony," is unconstitutionally vague. 135 S. Ct. at 2257-58. However, the Supreme Court made clear to limit its holding to the residual clause, such that the remaining portions of the ACCA remain intact. Id. at 2563. Thus, Johnson affords no relief to those who, like Petitioner, were sentenced as an armed career criminal on the basis of three or more prior convictions for a serious drug offense. United States v. Darling, 619 F. App'x 877, 880 n.5 (11th Cir. 2015).

Accordingly, Petitioner was properly sentenced under the ACCA due to his three prior convictions under § 893.13(1)(a), Fla. Stat. The Supreme Court's decisions in McFadden, Mellouli, and Johnson offer him no refuge. And because Petitioner was given the applicable mandatory minimum, his challenge to the base offense level under U.S.S.G. § 2K2.1(a) is a moot point. United States v. Zacherle, 689 F. App'x 467, 469 (9th Cir. 2017) (imposition of mandatory minimum sentence rendered moot any other guidelines issues, because the court could not have imposed a lower sentence) (citing Melendez v. United States, 518 U.S. 120, 126-27 (1996)); United States v. Whitelaw, 376 F. App'x 584, 592 (6th Cir. 2010) (imposition of mandatory minimum sentence mooted defendant's challenge to a role enhancement under the guidelines).[6]

---

[6] In his response to the government's Motion to Dismiss, Petitioner also states, for the first time, that his prior drug convictions do not qualify as "serious drug offenses" because (a) he purportedly pled guilty to lesser-included offenses, and (b) the

9

Therefore, having considered each of Petitioner's claims for relief, and finding each one to lack merit, it is hereby **ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.

2. The Clerk shall enter judgment in favor of the United States and against Petitioner, and close the file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were

---

government did not submit Shepard documents to support the prior convictions. (Civ. Doc. 8 at 1-2). However, Petitioner may not raise new claims for the first time in a reply brief without having obtained leave to amend. Snyder v. United States, 263 F. App'x 778, 779-80 (11th Cir. 2008). Moreover, these new allegations are procedurally defaulted. Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004). Petitioner could have challenged the prior convictions at the sentencing hearing or on direct appeal, but he did neither. Instead, he conceded that he had the prior convictions necessary to support the ACCA enhancement. (Crim. Doc. 36 at 14-15; Crim. Doc. 56 at 6).

'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 16th day of April, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Pro se petitioner